CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 1 8 2007

JOHN F. CORCORAN, CLERK
BY:
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

STEPHEN R. STEELE, )
        Plaintiff, )   Civil Action No. 7:06CV00423
)
v. )   **MEMORANDUM OPINION**
)
JO ANNE B. BARNHART, )
Commissioner of Social Security, )   By:   Honorable Glen E. Conrad
)             United States District Judge
        Defendant. )

     Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 et seq. Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

     The plaintiff, Stephen R. Steele, was born on March 27, 1961, and eventually reached the sixth grade in school. Mr. Steele has worked as a compression molding machine operator in the manufacturing industry. He last worked on a regular and sustained basis in 2003. On February 6, 2004, plaintiff filed an application for supplemental security income benefits. An earlier application for supplemental security income benefits had been unsuccessful. In filing his more recent claim, Mr. Steele alleged that he became disabled for all forms of substantial gainful employment in May 1999 due

to an old gunshot wound to the left leg, high blood pressure, and leg problems. He now maintains that he has remained disabled to the present time.

Mr. Steele's application was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated September 19, 2005, the Law Judge also ruled that plaintiff is not disabled. The Law Judge found that Mr. Steele suffers from residuals of a gunshot wound to the left lower extremity; depressed mood; low IQ; anxiety; and personality disorder. The Law Judge ruled that plaintiff's impairments, considered singly or in combination, are not so severe as to meet or equal a listed impairment under Appendix I to Subpart P of the Administrative Regulations Part 404. However, the Law Judge determined that plaintiff's physical, mental, and emotional impairments are so severe as to render him disabled for past relevant work. The Law Judge assessed Mr. Steele's residual functional capacity as follows:

> Upon careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk at least 2 hours in an 8-hour workday; sit about 6 hours in an 8-hour workday and must periodically alternate sitting and standing to relieve pain or discomfort; and could occasionally climb, balance, stoop, kneel, crouch and crawl. His mental impairment impacts to the extent that he would be moderately limited in his ability to understand and remember detailed instructions; carry out detailed instructions; maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; work in coordination with or proximity to others without being distracted by them; make simple work-related decisions; complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; interact appropriately with the general public; accept instructions and respond appropriately to criticism from supervisors; get along with co-workers or peers without distracting them or exhibiting behavioral extremes; maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; respond appropriately to changes in the work setting; or set realistic goals or make plans independently of others. Additionally, the claimant requires low-stress work, no production rate pace but rather goal-oriented work and can be around employees

2

throughout the work day, but only occasional conversations and interpersonal interactions. (TR 19).

Given such a residual functional capacity, and after considering plaintiff's age, education and prior work experience, as well as testimony from a vocational expert, the Law Judge found that plaintiff retains sufficient functional capacity to perform several specific sedentary work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mr. Steele is not disabled, and that he is not entitled to supplemental security income benefits. See, gen., 20 C.F.R. § 416.920(c). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Steele has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. As indicated above, the Administrative Law Judge ultimately decided this case under the fifth step of the Sequential Disability Analysis set forth under 20 C.F.R. § 416.920. However, based on undisputed intellectual testing results from a consultative psychological evaluation commissioned by the Social Security Administration, the court believes that

the Commissioner erred in proceeding beyond the third step of the Sequential Disability Analysis. The court finds that plaintiff's intellectual assessment documented the existence of a listed impairment under Appendix I to Subpart P of the Administrative Regulations Part 404. Thus, the court concludes that Mr. Steele has met the burden of proof in establishing total disability for all forms of substantial gainful employment.

At the outset, the court notes that the Administrative Law Judge gave absolutely no reasons in support of the conclusion that Mr. Steele does not suffer from a listed impairment. Based on such an omission, the court might normally remand such a case to the Commissioner for additional consideration and fact finding. However, inasmuch as the existing record clearly establishes that Mr. Steele suffers from a listed impairment, the court finds no cause for remand of this case for additional development.

Under 20 C.F.R. § 416.920(d), it is provided that if a claimant suffers from an impairment listed under Appendix I to Subpart P of the Administrative Regulations Part 404, the claimant will be found to be disabled without consideration of factors such as age, education, and prior work experience. Under Rule 12.05(C) of the Appendix I, it is provided as follows:

> A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;

Thus, a claimant with a verbal, performance, or full scale IQ of 60-70 and a physical or other mental impairment which imposes significant, work-related limitation of function will be found to be disabled pursuant to the provisions of 20 C.F.R. § 416.920(d).

It is undisputed that Mr. Steele experiences a physical impairment which imposes significant work-related limitation of function. The Administrative Law Judge found that plaintiff suffers from

4

residuals of a gunshot wound to the left leg which prevent performance of past relevant work, and which now limit plaintiff to the performance of activities in which he is permitted to sit or stand at will. The Law Judge's finding of disability for past relevant work, and significantly reduced physical capacity, establishes the existence of an impairment which meets the second prong of Rule 12.05(C). Rainey v. Heckler, 770 F.2d 408 (4th Cir. 1985). Thus, the only issue in this case concerns the severity of Mr. Steele's intellectual limitations.

It seems that in connection with plaintiff's more recent application for supplemental security income benefits, some concern arose as to the plaintiff's mental and emotional limitations. The state disability agency referred Mr. Steele to Dr. Cathye Griffin Betzel, a licensed clinical psychologist, for a consultative psychological examination. Dr. Betzel produced a report following clinical examination on October 5, 2004. The psychologist conducted a clinical interview and administered a number of psychological tests, including a Weschler Adult Intelligence Scale III. The intellectual testing revealed a verbal IQ of 76, a performance IQ of 64, and a full scale IQ of 68. The psychologist ultimately diagnosed generalized anxiety disorder; moderate, recurrent major depressive disorder; and alcohol dependence in full remission.

Dr. Betzel's study is the only intellectual assessment of record which was completed by a psychologist who actually conducted a clinical examination of Mr. Steele. The IQ measurements reported by the psychologist are not disputed by any other psychological testing results. It follows that, based on the record before the Commissioner and the court, Mr. Steele met the prescribed burden of proof in establishing a listed impairment under Appendix I to Subpart P. Thus, plaintiff met the burden in establishing total disability for all forms of substantial gainful employment, without consideration of factors such as age, education, or prior work experience. See 20 C.F.R. § 416.920(d).

In a memorandum in support of her motion for summary judgment, the Commissioner asserts that Dr. Betzel's psychological report cannot serve so as to establish plaintiff's disability for purposes of his claim under the Social Security Act. The Commissioner argues that the reports of two state agency psychologists, who did not actually examine Mr. Steele, establish that plaintiff is not disabled. The Commissioner also argues that plaintiff's history does not support a finding of mental retardation.

Before considering the Commissioner's arguments, the court cannot help but observe that the Commissioner might be better placed to challenge a finding that plaintiff suffers from a listed impairment, had the Administrative Law Judge actually considered this issue. Stated differently, while the Commissioner might identify any number of reasons why the Administrative Law Judge could have declined to find the existence of an impairment listed under Rule 12.05(C), it is clear that the Administrative Law Judge did not undertake the appropriate analysis. Thus, the court is left to speculate as to why the Law Judge ultimately concluded that Mr. Steele does not suffer from an impairment listed under Appendix I.

More fundamentally, the court finds the Commissioner's position to be somewhat troublesome. It makes little sense for the Commissioner to arrange for a consultative psychological evaluation if the consultant's findings are to be rejected on the basis of observations and speculation by other psychologists who did not conduct a clinical examination.[1] Under the administrative regulations, it is clearly contemplated that opinions of specialists who actually examined the claimant should be accorded greater weight. See 20 C.F.R. § 416.927(d). The consultative physician program is rendered

---

[1] If the Commissioner came to conclude that Dr. Betzel's IQ measurements were inaccurate, the Commissioner had full authority to require Mr. Steele to submit to intelligence testing by another specialist. As it is, however, Dr. Betzel's IQ measurements are undisputed.

6

less credible when the reports of consultants which are favorable to claimants are rejected simply because state agency physicians attach different weight to the clinicians' observations.

In any event, the court considers the Commissioner's arguments in Mr. Steele's case to be unavailing. Dr.Betzel, who supervised the WAIS III protocol, clearly considered the results of the intelligence testing to be accurate. The opinions of the state agency physicians simply cannot be allowed to overcome objective testing results. The state agency physicians did not conduct any test, nor were they in a position to observe Mr. Steele's effort in the testing conducted by Dr. Betzel. Even the Administrative Law Judge, in his questioning of the vocational expert, apparently considered the IQ measurements to be accurate. (TR 309).

The Commissioner also asserts that Mr. Steele's history is not consistent with a finding of mental retardation. See Rule 12.00(D)(6). In this context, the Commissioner places great emphasis on the fact that the vocational expert characterized plaintiff's past work as skilled. However, there is no reason to believe that this circumstance is overly remarkable. The simple fact is that many people, who would otherwise qualify as disabled under one of the listed impairments, actually perform substantial gainful activity. Moreover, in Mr. Steele's case, the record reveals that plaintiff did not reach high school, and that, as put by the Administrative Law Judge, he demonstrates "extremely slow processing speed." (TR 309). In terms of longitudinal development, Mr. Steele cannot be faulted for the fact that the current administrative record does not include any of his elementary school intelligence tests. Instead, the court is left to consider the findings of a clinical psychologist, whose examination was commissioned by the state disability agency, who essentially found that plaintiff's intelligence testing results were consistent with the clinical observations. The court concludes that the Commissioner's

7

rejection of Dr. Betzel's findings is not supported by substantial evidence, and that Mr. Steele has met the burden of proof in establishing that he suffers from a listed impairment under Appendix I.

In passing, the court notes that even if this case had properly proceeded to the fifth and final stage of the Sequential Disability Analysis, the Law Judge's finding as to residual functional capacity for a limited range of sedentary jobs could not be deemed to be supported by substantial evidence. As noted above, Dr. Betzel is the only examining mental health specialist who has offered any insight as to plaintiff's residual functional capacity. Considering the limitations identified by Dr. Betzel in her report, including extreme difficulty maintaining attention and concentration, the vocational expert was unable to identify any jobs which plaintiff could be expected to perform. (TR 313-14).

In summary, the court finds that Mr. Steele has met the burden of proof in establishing total disability for all forms of substantial gainful employment, based on the presence of a listed impairment under Rule 12.05(C) of Appendix I. See 20 C.F.R. § 416.920(d). Moreover, given the residual functional capacity findings of the consultative psychologist, the court also concludes that Mr. Steele has met the burden in establishing that, under the testimony of the vocational expert, there are no alternate jobs which he could be expected to perform, given his particular combination of age, education, prior work experience, and nonexertional restrictions. The court concludes that Mr. Steele has met the burden of proof in establishing that he was disabled for all forms of substantial gainful employment as of the date of his current application for supplemental security income benefits.

For the reasons stated, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. Defendant's motion for summary judgment must therefore be denied. Upon the finding that plaintiff has met the burden of proof as prescribed by and pursuant to the Act in establishing disability for all forms of substantial gainful employment, judgment

will be entered in favor of the plaintiff. The Commissioner's final decision denying supplemental security income benefits will be reversed to the extent that the denial was based on the finding that plaintiff is not disabled. However, since the Commissioner has apparently not considered whether plaintiff meets the financial eligibility requirements under the SSI Benefit Program, the court must remand the case to the Commissioner for an appropriate determination. An order and judgment in conformity will be entered this day.

The Clerk is directed to send certified copies of this Opinion to all counsel of record.

ENTER: This 18th day of January, 2007.

_____
United States District Judge